IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                  Case No.  24-10117-2-JWB

SHARI STREIT,

      Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on the government's motion for reconsideration.  (Doc. 147.) Defendant has not filed a response and the time for doing so has now passed.

On January 9, 2026, the court sentenced Defendant to 720 months imprisonment and also ordered her to pay $165,100.00 in restitution.  (Doc. 116.)  The clerk of court issued a writ of garnishment against Defendant's property in the custody of garnishee U.S. Bank.  (Doc. 132.)  The government submitted records showing that the Defendant's account with the garnishee has approximately $15,607 and that those funds were placed in the account by the Kansas Payment Center as disbursements of child support.  (Doc. 140 at 2; Exh. A.)  Defendant had been the primary caregiver of her children prior to her arrest.  (Doc. 114 at 21–22.)  Defendant filed an exemption claim and hearing request indicating that the property in the account is exempt from garnishment under 26 U.S.C. § 6334(a)(8).  (Doc. 139.)  The court construed this request as an objection to the garnishment.  (Doc. 145.)  On March 23, 2026, garnishee U.S. Bank submitted an answer stating that it did not have an account under Defendant's name.  (Doc. 143.)  After review of the record, the court determined that Defendant's objection was moot.  (Doc. 145.)

1

On March 30, U.S. Bank submitted an amended answer stating that it did in fact have funds belonging to Defendant in its possession. (Doc. 146.) The government now seeks reconsideration of this court's ruling and asks the court to rule on the merits of Defendant's objection. (Doc. 147.) The court grants the motion and turns to Defendant's objection that the funds in her bank account are exempt from garnishment.

Pursuant to Title 26 of the United States Code § 6334(a)(8), judgments for support of minor children are exempt from garnishment. The statute states that if Defendant "is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of [her] minor children, so much of [her] salary, wages, or other income as is necessary to comply with such judgment" is exempt. *Id*. § 6334(a)(8). The government asserts that Defendant's funds held at U.S. Bank are not salary, wages, or other income and that Defendant has not shown that she must pay child support due to a judgment entered before this court's January 9, 2026, judgment.

The court agrees. Defendant's objection fails to sufficiently show that the funds are exempt under the statute. Under 28 U.S.C. § 3205, Defendant must state the grounds for her objection and she has the burden to prove the grounds. Here, Defendant checked a box indicating that the funds are exempt. However, Defendant fails to identify a child support judgment entered against her prior to the judgment in this case and fails to sufficiently show that the funds in the U.S. Bank account are salary, wages, or other income that will be used to pay such judgment. *See United States v. Grigsby*, No. 12-10174-JTM, 2015 WL 471248, at *2 (D. Kan. Feb. 4, 2015), *aff'd in part, appeal dismissed in part*, 630 F. App'x 838 (10th Cir. 2015) (finding exemption inapplicable because there was no judgment of child support entered against the defendant). Notably, the presentence report in this case did not list an outstanding judgment against Defendant in

2

identifying her outstanding debts.  (Doc. 114 at 26–27.)  Based on the government's response and supporting exhibit, these funds appear to be payments of child support to Defendant that were paid under a judgment entered against the father of one of her children.  (*See* Doc. 140.)

Therefore, Defendant's motion for reconsideration is GRANTED.  Plaintiff's objection (Doc. 139) is OVERRULED.

IT IS SO ORDERED.  Dated this 22nd day of April, 2026.

    \_\_s/ John W. Broomes_____
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE